FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    -vs-<br><br>MIGUEL REYNA-ALCALA,<br><br>        Defendant. | No.   2:18-CR-0100-WFN-1<br><br>ORDER DISMISSING INDICTMENT |

A pretrial conference and motion hearing was held July 1, 2019. The Defendant, who is not in custody, was present and represented by Amy Rubin; Assistant United States Attorney Matthew Duggan represented the Government.

The Court addressed Defendant's Motion to Dismiss. ECF No. 55. To prevail on a collateral attack, the defendant must demonstrate that entry of the deportation order was fundamentally unfair. *United States v. Ramos*, 623 F.3d 672, 680 (9th Cir 2010). "Entry of an order is 'fundamentally unfair' if the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056 (9th Cir. 2012) (internal citation omitted). To meet the burden of proving prejudice, a defendant "must demonstrate that he had plausible grounds for relief from deportation." *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136 (9th Cir.1999), *cert. denied*, 531 U.S. 842, 121 S. Ct. 107, 148 L. Ed.2d 64 (2000).

Defendant's original deportation hearing was fundamentally unfair because the Immigration Judge failed to inform Mr. Reyna of an avenue of relief which caused Mr. Reyna prejudice. Mr. Reyna should have been offered the opportunity to apply for voluntary departure. Instead, the Immigration Judge asked a few questions then "invited" the government attorney to oppose voluntary departure. Mr. Reyna was not told about voluntary

ORDER - 1

departure, nor was he given the opportunity to argue the equities in his favor. Had he been given such an opportunity, he had a plausible basis for relief from deportation based on his long-time residence in the United States, his lack of criminal convictions, the fact that his family reside in the United States and his engagement to a United States' citizen. Further, he should have had the opportunity to refute the assumption that he was a gang member which was apparently proffered by the Immigration Judge without support.

The Court has reviewed the file and Motions and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss Indictment, filed May 17, 2019, **ECF No. 55**, is **GRANTED**.

2. The Indictment is **DISMISSED with prejudice**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of July, 2019.

07-01-19

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2